Edwin Pairavi, Esq.,          (State Bar No.: 257290)
edwin@pairavilaw.com
Joshua M. Mohrsaz, Esq.,      (State Bar No.: 307759)
joshua@pairavilaw.com
PAIRAVI LAW, P.C.
1875 Century Park East, Suite 480
Los Angeles, California 90067
Telephone:   (310)789-2063
Facsimile:   (310)789-2064

Attorneys for Plaintiff,
**JAMES McMICHAEL**

PAIRAVI LAW, P.C.
1875 Century Park East, Suite 480
Los Angeles, CA 90067

# UNITED STATES DISTRICT COURT FOR THE

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES McMICHAEL, an individual, | CASE NO.  2:19-cv-03254 |
| | |
| | COMPLAINT: |
| Plaintiff, | |
| | 1. VIOLATION OF TITLE VII (RACE DISCRIMINATION); |
| | 2. VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT; |
| vs. | 3. VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT]; |
| | 4. VIOLATION OF THE REHABILITATION ACT; |
| ROBERT WILKIE JR, SECRETARY OF UNITED STATES DEPARTMENT OF VETERAN AFFAIRS | 5. VIOLATION OF THE AMERICANS WITH DISABILITIES ACT; |
| | |
| Defendants. | DEMAND FOR JURY TRIAL |

///

///

///

-1-
COMPLAINT

COMES NOW PLAINTIFF, JAMES McMICHAEL, who, for causes of action against Defendants ROBERT WILKIE, SECRETARY OF UNITED STATES DEPARTMENT OF VETERAN AFFAIRS complains and alleges as follows:

## NATURE OF ACTION

1.     This an action brought by Mr. McMichael alleging age discrimination, race discrimination, and unlawful disability discrimination in violation of the Rehabilitation Act and American with Disabilities Act.

2.     The Rehabilitation Act and the Americans with Disabilities Act expressly prohibit discrimination in employment on the basis of disability. *See* 29 U.S.C. §§ 791, *et seq*.; 42 U.S.C. §§ 12101, *et seq*. Under the Rehabilitation Act, agencies such as the Department of Veteran Affairs cannot deny qualified individuals employment opportunities or benefits or discriminate against them because they have disabilities. Likewise, the Americans with Disabilities Act prohibits employers from denying qualified individuals employment because they have disabilities. Defendant also violated the Family and Medical Leave Act by alleging that Mr. McMichael was Absent Without Leave" ("AWOL") during his leave of absence, which led to his suspension and eventual termination.

## PARTIES

3.     Plaintiff, JAMES McMICHAEL (hereinafter "Plaintiff" or "Mr. McMichael") is an individual who was employed by Defendant Department of Veteran Affairs, in Los Angeles County, in the State of California.

4.     Plaintiff is informed and believes, and based thereon alleges, that Defendant, ROBERT WILKIE, was and is the Secretary of the United States Department of Veteran Affairs, (hereinafter "Defendant" or "VA").

## JURISDICTION

5.     Jurisdiction in the U.S. District Court of the Central District of California is proper pursuant to 28 U.S.C. §1331, Federal Question Jurisdiction in

that this is an action arising under the Title VII 42 U.S.C. §2000E, et seq.; 29 U.S.C. §633 et, *seq.*, 42 U.S.C. § 1983; Family And Medical Leave Act, 29 U.S.C. §2615; Rehabilitation Act of 1973 and Title VII of the Civil Rights Act of 1964, respectively.

## STATEMENT OF FACTS

6.     This case presents the compelling story of a loyal and hard-working employee who was terminated by his employer as a result of discrimination due to Plaintiff's race, age and disability.

7.     Mr. McMichael was employed by the VA from in or around October 2007 until July 27, 2017.  At the time of his termination, Mr. McMichael was a police sergeant.

8.     At all relevant times, Mr. McMichael was a conscientious and hard-working employee who capably performed his duties with pride, as objectively demonstrated during his lengthy tenure with the VA.

9.     Mr. McMichael suffered an injury to his hand, more specifically his thumb after it was accidentally crushed in a car door on April 7, 2016. Mr. McMichael required accommodation in the form of a finite leave of absence.

10.     However, rather than providing this accommodation to Mr. McMichael, Defendant retaliated against Mr. McMichael by denying his request for medical leave, retroactively classifying him as "Absent Without Leave" ("AWOL"), and suspending months after his initial medical leave began and eventually terminating his employment.

11.     On or about April 7, 2016, Plaintiff injured his right hand, specifically his thumb when it was crushed in the door of his car. Mr. McMichael called and reported the injury as well as his necessary absence for that day to Defendant's human resource department.

///

///

12.     Following a visit to the doctor, Mr. McMichael was subsequently placed on a leave of absence for three (3) days pending a follow-up care visit to his primary care physician.

13.     Plaintiff's doctor then recommended he remain on a leave of absence until May 31, 2016.

14.     Mr. McMichael submitted his request for leave of absence under the Family Medical Leave Act ("FMLA"), which noted that his period of suspected incapacitation would last until May 31, 2016.

15.     On or around May 19, 2016, Mr. McMichael's doctor extended his leave of absence until July 6, 2016 due to the painful nature of Plaintiff's thumb fracture and the necessity of his utilizing narcotic pain-relievers to combat said pain issues. The doctor noted that while on these narcotics, Mr. McMichael was unable to operate heavy machinery or conduct any duties which required cognition or alertness.

16.     Mr. McMichael again submitted his request for leave of absence under the FMLA, which noted that his period of suspected incapacitation would last until July 6, 2016.

17.     On or around June 28, 2017, Defendant's Chief of Police Charles Leas ("Chief Leas") classified Plaintiff as AWOL, eighty-two (82) days after Plaintiff's medical leave began.

18.      On or around June 30, 2016, Plaintiff received a memorandum from VA employee Mary Moore ("Ms. Moore"). It was in this letter that Plaintiff was informed his request for medical leave had been denied, nearly three (3) months after Plaintiff had taken medical leave. Ms. Moore informed Plaintiff that he would be excused for the period between April 28, 2016 and June 1, 2016. Plaintiff was ordered to return to work on July 3, 2016, three (3) days before his doctor released him to return.

///

PAIRAVI LAW, P.C.
1875 Century Park East, Suite 480
Los Angeles, CA 90067

-4-
COMPLAINT

19.    Plaintiff reported to work on July 7, 2016, after he was medically cleared to return to work.

20.    On or around August 8, 2016, Plaintiff received a notice from Aaron Ester placing him on sick leave restriction. Plaintiff was seemingly punished for his medical condition which required him to take medical leave in the first place.

21.    On or around September 9, 2016, Plaintiff received a notice of Proposed Fourteen (14) Calendar Day Suspension due to his April 7, 2016 to July 6, 2016 medical leave, which was later cancelled.

22.    On or around September 23, 2016, Plaintiff received a notice of Proposed Fourteen (14) Calendar Day Suspension primarily regarding his April 7, 2016 to July 6, 2016 medical leave, which was later cancelled.

23.    On or around October 13, 2016, Plaintiff received a notice of Suspension to begin on "October 20, 2016 to November 2, 2016" from Andres Centeno. Thereafter, Mr. McMichael was actually suspended from October 20, 2016 to November 2, 2016.

24.    Mr. McMichael returned to work on November 2, 2016, believing that his suspension had ended and due to the fact that it was last day for the department required shooting qualifications. Plaintiff was allowed to work almost the entirety of his shift for that day.

25.    On or around November 3, 2016, Plaintiff's police credentials, badge and gun locker key were taken without explanation.

26.    On or around December 7, 2016, Mr. McMichael filed a complaint with the EEO citing that he was being discriminated against on the basis age, race reprisal, and disability which created a hostile work environment.

27.    On or around December 11, 2016, Plaintiff was detailed to Environmental Services in retaliation of his complaint to EEO.

28.    In December 2016, Plaintiff received three parking citation by the same officer who had displayed animus towards Plaintiff.

PAIRAVI LAW, P.C.
1875 Century Park East, Suite 480
Los Angeles, CA 90067

29.     After Plaintiff filed his EEO complaint, he was denied all requests for leave, particularly those related to caring for his injured son.

30.     Plaintiff was denied bereavement leave on two separate occasions, following his EEO complaint and was classified as AWOL by Chief Leas.

31.     On or around June 2, 2017, Plaintiff was issued a notice of Proposed Removal, all such charges stemmed from Mr. McMichael's erroneous suspension in November 2016, and his complaints and subsequent investigations of harassment as a result of age, race, and disability discrimination he had suffered.

32.     Plaintiff was removed from his position on July 23, 2017.

**EXHAUSTIONOF ADMINISTRATIVE REMEDIES**

33.     On or about December 7, 2016 Plaintiff filed a complaint with the Department of Veteran Affairs Equal Employment Opportunity (hereinafter referred to as "EEO").  On October 24, 2018, Plaintiff requested to withdraw his complaint and file complaint in District Court. On November 1, 2018 Plaintiff's request was granted and the hearted request was dismissed. The commissioner directed the agency to issue a final decision.  Thereafter the agency did not provide a final decision. Plaintiff has therefore properly exhausted his administrative remedies.

**<u>FIRST CAUSE OF ACTION</u>**
**VIOLATION OF TITLE VII**
**(RACE DISCRIMINATION)**
**[42 U.S.C. §2000e, et seq.]**

34.     Plaintiff hereby alleges and incorporates by reference, as though fully set forth herein, the allegations contained paragraphs 1 through 33.

35.     At all time herein Plaintiff is member of a protected class, in that he is an African-American male.

///

///

PAIRAVI LAW, P.C.
1875 Century Park East, Suite 480
Los Angeles, CA 90067

36.     Defendant has intentionally engaged in unlawful employment practices at its business establishment, in violation of Title VII, 42 U.S Sections 2000e-2, by subjecting Plaintiff to unlawful discrimination on the basis of his race.

37.     The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his race.

38.     As a proximate result of Defendant's willful, knowing and intentional acts of discrimination against Plaintiff, he has sustained losses in earning and interest on those losses, as well as losses of other employment benefits.

39.     As a proximate result of Defendant's unlawful and intentional discrimination against him, Plaintiff has suffered and continues to suffer severe emotional distress, mental pain, and anguish, all to his damage in a sum according to proof.

40.     As a direct result of Defendant's conduct alleged above, Plaintiff has had to hire an attorney and he has incurred, and continues to incur, legal expenses and attorney's fees. Plaintiff is entitled to an award of attorney's fees and costs.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT
## [29 U.S.C. §621 et. seq.]

41.     Plaintiff hereby alleges and incorporates by reference, as though fully set forth herein, the allegations contained paragraphs 1 through 39.

42.     At all time herein Plaintiff is member of a protected class, in that he was 49 years old at the time of his termination.

43.     Defendant has intentionally engaged in unlawful employment practices at its business establishment, in violation of Age Discrimination in Employment Act, 29 U.S.C. Sections 623, by subjecting Plaintiff to unlawful discrimination on the basis of his age.

///

PAIRAVI LAW, P.C.
1875 Century Park East, Suite 480
Los Angeles, CA 90067

-7-
COMPLAINT

44.     The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his age.

45.     As a proximate result of Defendant's willful, knowing and intentional acts of discrimination against Plaintiff, he has sustained losses in earning and interest on those losses, as well as losses of other employment benefits.

46.     As a proximate result of Defendant's unlawful and intentional discrimination against him, Plaintiff has suffered and continues to suffer severe emotional distress, mental pain, and anguish, all to his damage in a sum according to proof.

47.     As a direct result of Defendant's conduct alleged above, Plaintiff has had to hire an attorney and he has incurred, and continues to incur, legal expenses and attorney's fees. Plaintiff is entitled to an award of attorney's fees and costs).

## THIRD CAUSE OF ACTION

## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

### [29 U.S.C. §2601 et. seq.]

47.     Plaintiff hereby alleges and incorporates by reference, as though fully set forth herein, the allegations contained paragraphs 1 through 46.

48.     At all time herein Plaintiff is member of a protected class, in that he was suffered from a disability.

49.     Defendant has intentionally engaged in unlawful employment practices at its business establishment, in violation of Family and the Medical Leave Act, 29 U.S.C. Sections 2601, et seq., by subjecting Plaintiff to unlawful discrimination on the basis of his disability and request for FMLA leave.

50.     The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability and request for FMLA leave.

///

PAIRAVI LAW, P.C.
1875 Century Park East, Suite 480
Los Angeles, CA 90067

-8-
COMPLAINT

51.    As a proximate result of Defendant's willful, knowing and intentional acts of discrimination against Plaintiff, he has sustained losses in earning and interest on those losses, as well as losses of other employment benefits.

52.    As a proximate result of Defendant's unlawful and intentional discrimination against him, Plaintiff has suffered and continues to suffer severe emotional distress, mental pain, and anguish, all to his damage in a sum according to proof.

53.    As a direct result of Defendant's conduct alleged above, Plaintiff has had to hire an attorney and he has incurred, and continues to incur, legal expenses and attorney's fees. Plaintiff is entitled to an award of attorney's fees and costs).

## FOURTH CAUSE OF ACTION
### VIOLATION OF THE REHABILITATION ACT
### [29 U.S.C. §701 et. seq.]

47.    Plaintiff hereby alleges and incorporates by reference, as though fully set forth herein, the allegations contained paragraphs 1 through 46.

48.    At all time herein Plaintiff is member of a protected class, in that he was suffered from a disability.

49.    Defendant has intentionally engaged in unlawful employment practices at its business establishment, in violation of The Rehabilitation Act, 29 U.S.C. Sections 701, et seq., by subjecting Plaintiff to unlawful discrimination on the basis of his disability and request for leave.

50.    The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability and request for leave.

51.    As a proximate result of Defendant's willful, knowing and intentional acts of discrimination against Plaintiff, he has sustained losses in earning and interest on those losses, as well as losses of other employment benefits.

///

PAIRAVI LAW, P.C.
1875 Century Park East, Suite 480
Los Angeles, CA 90067

52.     As a proximate result of Defendant's unlawful and intentional discrimination against him, Plaintiff has suffered and continues to suffer severe emotional distress, mental pain, and anguish, all to his damage in a sum according to proof.

53.     As a direct result of Defendant's conduct alleged above, Plaintiff has had to hire an attorney and he has incurred, and continues to incur, legal expenses and attorney's fees. Plaintiff is entitled to an award of attorney's fees and costs).

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
### [42 U.S.C. §12101 et. seq.]

47.     Plaintiff hereby alleges and incorporates by reference, as though fully set forth herein, the allegations contained paragraphs 1 through 46.

48.     At all time herein Plaintiff is member of a protected class, in that he was suffered from a disability.

49.     Defendant has intentionally engaged in unlawful employment practices at its business establishment, in violation of The Rehabilitation Act, 42 U.S.C. Sections 12101, et seq., by subjecting Plaintiff to unlawful discrimination on the basis of his disability and request for leave.

50.     The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability and request for leave.

51.     As a proximate result of Defendant's willful, knowing and intentional acts of discrimination against Plaintiff, he has sustained losses in earning and interest on those losses, as well as losses of other employment benefits.

52.     As a proximate result of Defendant's unlawful and intentional discrimination against him, Plaintiff has suffered and continues to suffer severe emotional distress, mental pain, and anguish, all to his damage in a sum according to proof.

PAIRAVI LAW, P.C.
1875 Century Park East, Suite 480
Los Angeles, CA 90067

53.     As a direct result of Defendant's conduct alleged above, Plaintiff has had to hire an attorney and he has incurred, and continues to incur, legal expenses and attorney's fees. Plaintiff is entitled to an award of attorney's fees and costs.

## **PRAYER**

WHEREFORE, Plaintiff prays for judgment as follows:

1.     For a money judgment representing compensatory damages including lost wages, future loss wages, earnings, other employee benefits, and all other sums of money, together with interest on these amounts, according to proof at trial;

2.     General damages, according to proof and in an amount in excess of the jurisdictional minimum of this Court;

3.     For a money judgment for mental pain and anguish and emotional distress, according to proof at trial;

4.     All other special and incidental damages according to proof;

5.     For attorney fees and costs according to proof Pursuant to Title VII, ADEA, FMLA, THE REHABILITATION ACT, ADA, and

6.     That the Court grants Plaintiff a Jury Trial;

7.     For such other and further relief that the Court may deem just and proper.

DATED:  March 26, 2019

Respectfully Submitted,
PAIRAVI LAW, P.C.

/s/ Edwin Pairavi

_____

BY:   Edwin Pairavi, Esq.
      Joshua M. Mohrsaz, Esq.
      Attorneys for Plaintiff,
      JAMES McMICHAEL

PAIRAVI LAW, P.C.
1875 Century Park East, Suite 480
Los Angeles, CA 90067