DAVID L. ANDERSON (CABN 149604)
United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
PAMELA T. JOHANN (CABN 145558)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7025
    FAX: (415) 436-6748
    pamela.johann@usdoj.gov

Attorneys for Defendant ROBERT WILKIE

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| JAMES MCMICHAEL,<br><br>    Plaintiff,<br><br>   v.<br><br>ROBERT WILKIE, UNITED STATES SECRETARY OF THE DEPARTMENT OF VETERANS AFFAIRS, et al.,<br><br>    Defendants. | Case No. 2:19-cv-03254-JAK-AGR<br><br>**ANSWER TO FIRST AMENDED COMPLAINT**<br><br><br><br><br><br>Honorable John A. Kronstadt |

Defendant Robert L. Wilkie, Jr., Secretary of the Department of Veterans Affairs, hereby responds to Plaintiff James McMichael's First Amended Complaint as follows:[1]

## IDENTIFICATION OF THE PARTIES

1.    Defendant admits that Plaintiff is a former employee of the U.S. Department of Veterans Affairs, stationed in Los Angeles County, California.

---

[1] The headings and numbered paragraphs of this Answer correspond to the headings and numbered paragraphs of Plaintiff's' First Amended Complaint. Defendant does not waive any defensive theory or agree to or admit that Plaintiff's headings are accurate, appropriate, or substantiated.

2.     Defendant admits that Robert L. Wilkie, Jr., was sworn in as the Secretary of Veterans Affairs on July 30, 2018.  Defendant also admits that Mr. Wilkie served as acting Secretary of Veterans Affairs from March 28, 2018, to May 29, 2018.  Except as expressly admitted, Defendant denies the allegations contained in Paragraph 2.

## BASIS FOR FEDERAL JURISDICTION

1.     The second Paragraph 1 contains conclusions of law and legal characterizations of this action to which no response is required.

2.     The second Paragraph 2 contains conclusions of law and legal characterizations of this action to which no response is required.

3.     Paragraph 3 contains conclusions of law and legal characterizations of this action to which no response is required.

4.     Paragraph 4 contains Plaintiff's legal conclusions regarding jurisdiction to which no response is required.  To the extent a response is required, Defendant denies any implication of discriminatory action or wrongdoing on the part of Defendant. Defendant admits that this Court has federal question jurisdiction over actions arising under Title VII of the Civil Rights Act, the Rehabilitation Act, and the Age Discrimination in Employment Act, subject in part to the terms and limitations in the respective Acts and corresponding regulations, including without limitation 29 C.F.R. § 1614.407.

## STATEMENT OF FACTS

5.     Defendant denies the allegations contained in Paragraph 5..

6.     Defendant admits the allegations contained in the first sentence of Paragraph 6.  Defendant denies the allegations contained in the second sentence of Paragraph 6.

7.     Defendant denies the allegations contained in Paragraph 7.

8.     Defendant admits that Plaintiff injured his right thumb on or about April 7, 2016.  Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 8 and, on that basis, denies them.

9.      Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 and, on that basis, denies them.

10.      Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 and, on that basis, denies them.

11.      The allegations contained in Paragraph 11 are insufficiently specific to permit a response.  To the extent any further response is required, Defendant states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 and, on that basis, denies them.

12.      The allegations contained in the first sentence of Paragraph 12 are insufficiently specific to permit a response.  To the extent any further response is required, Defendant states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in the first sentence of Paragraph 12 and, on that basis, denies them.  Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in the second sentence of Paragraph 12 and, on that basis, denies them.

13.      Defendant admits only that Plaintiff's treating physician recommended that Plaintiff not be "cleared" to return to work until July 6, 2016.  As to the remainder of the allegations describing the nature and effects of Plaintiff's thumb injury and drug prescriptions, Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of these allegations and, on that basis, denies the remainder of the allegations contained in paragraph 13.

14.      The allegations contained in Paragraph 14 are insufficiently specific to permit a response.  To the extent any further response is required, Defendant states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 and, on that basis, denies them.

15.      The allegations contained in the first sentence of Paragraph 15 are

insufficiently specific to permit a response.  To the extent any further response is required, Defendant states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in the first sentence of Paragraph 15 and, on that basis, denies them.  Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in the second sentence of Paragraph 15 and, on that basis, denies them.

16.     Defendant denies the allegations contained in Paragraph 16.

17.     Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in the first sentence of Paragraph 17 and, on that basis, denies them.  Defendant denies the allegations contained in the second sentence of Paragraph 17.

18.     With regard to the first sentence of Paragraph 18, Defendant admits only that it issued a letter on June 30, 2016, in which it informed Plaintiff that the injury he received on April 29, 2016 did not "rise to the level of a 'serious health condition' to be considered under FMLA.  Although it appears your injury may prevent you from performing some of the functions of your position, it does not appear you were totally incapacitated from performing any work. . . . You are instructed to report for duty on Sunday, July 3, 2016."  Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 18 and, on that basis, denies them.

19.     Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 and, on that basis, denies them.

20.     Defendant denies the allegations contained in Paragraph 20.

21.     Defendant admits that Plaintiff reported to work on July 7, 2016.  Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 21 and, on that basis, denies them.

22.     Defendant admits only that it proposed a 14-day suspension of Plaintiff on

September 9, 2016, with one charge and 36 specifications of AWOL.  Defendant denies the remaining allegations contained in Paragraph 22.

23.     Defendant admits only that it rescinded the September 9, 2016 proposed suspension and served an updated proposed suspension on September 23, 2016, which contained one charge and 22 specifications of AWOL.  Defendant denies the remaining allegations contained in Paragraph 23.

24.     Defendant admits only that it placed the Plaintiff on a 14-day suspension running from October 20, 2016 through November 2, 2016.  Defendant denies the remaining allegations contained in Paragraph 24.

25.     Defendant denies the allegations contained in Paragraph 25.

26.     Defendant admits only that Plaintiff reported for work on November 2, 2016.  Defendant denies the remaining allegations contained in Paragraph 26.

27.     Defendant admits only that Plaintiff's police credentials, badge, and gun locker key were removed on November 3, 2016 due to his failure to follow instructions from superiors.  Defendant denies the remaining allegations contained in Paragraph 27.

28.     Defendant admits only that Plaintiff submitted an insufficient application for FMLA protection for absences related to his adult son.  Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 28 and, on that basis, denies them.

29.     Defendant admits only that Plaintiff made contact with the Agency's EEO Office on December 7, 2016.  Defendant denies that Plaintiff filed an EEO complaint on or about December 7, 2016.  Defendant denies the remaining allegations contained in Paragraph 29.

30.     With respect to the first sentence of Paragraph 30, Defendant admits only that Plaintiff was detailed to the Environmental Management Services ("EMS") on November 21, 2016.  Defendant denies the remaining allegations contained in Paragraph 30.

31.     Defendant admits only that Plaintiff was detailed to EMS, and that Mr.

George Minor had oversight of Plaintiff's work during his detail to EMS.  Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 31, and on that basis denies them.

32.    Defendant admits only that Plaintiff placed three leave requests on December 14, for annual leave and for family care leave.  Defendant denies that Plaintiff placed any request for medical leave during this time.  Defendant avers further that these leave requests were approved by Mr. Minor, who did not have authority to do so.  Defendant denies the remaining allegations contained in Paragraph 32.

33.    Defendant admits that a citation was issued to a vehicle registered to Tamiko McMichael on December 27, 2016, because the vehicle was improperly parked in a patient parking lot.  Defendant admits further that a second citation was issued to Plaintiff on December 27, 2016, because the vehicle had an expired registration.  Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in the second sentence of Paragraph 33, and on that basis denies them. Defendant denies the remaining allegations contained in Paragraph 33.

34.    Defendant admits that on January 9, 2017, Plaintiff requested "bereavement" leave to attend two funerals, and that his leave request was denied by Chief Leas.  Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 34, and on that basis denies them.

35.    Defendant denies the allegations contained in Paragraph 35.

36.    Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 36, and on that basis denies them.

37.    Defendant admits that Chief Leas proposed Plaintiff's removal but avers that this proposed removal was dated June 6, 2017.  Defendant denied the remaining allegations contained in Paragraph 37.

38.    Defendant admits that Plaintiff was removed from federal service, effective

July 23, 2017, based on the information contained in the Proposed Removal package. Defendant denies any remaining allegations contained in Paragraph 38.

39.    Defendant denies the allegations contained in Paragraph 39.

40.    Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 40 regarding the close personal and business relationship between Chief Leas and Captain Garcia and, on that basis, denies these allegations.  Defendant denies the remaining allegations contained in Paragraph 40.

41.    Defendant denies the allegations contained in Paragraph 41.

42.    Defendant denies the allegations contained in Paragraph 42.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

43.    Defendant denies the allegations contained in Paragraph 43.

44.    Defendant admits only that Plaintiff withdrew his request for a hearing before an EEOC Administrative Judge.  Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 44 regarding the reason for Plaintiff's request and, on that basis, denies these allegations.  Defendant denies the remaining allegations contained in Paragraph 44.

45.    Defendant admits only that an Administrative Judge granted Plaintiff's request to withdraw Plaintiff's hearing request and ordered Defendant to produce a Final Agency Decision.  Defendant further admits that the it did not issue a Final Agency Decision.  Defendant denies the remaining allegations contained in Paragraph 45 and specifically denies that Plaintiff properly exhausted his administrative remedies.

## FIRST CLAIM

46.    Defendant realleges and incorporates by reference its response to each allegation set forth above as through fully set forth herein.

47.    Defendant is informed and believes that Plaintiff is African-American and on that basis admits this allegation.  The remaining allegations of Paragraph 47 consist solely of legal conclusions regarding the requirements of Title VII, to which no response

1  is required.

2      48.     Defendant denies the allegations contained in Paragraph 48.

3      49.     Defendant denies the allegations contained in Paragraph 49.

4      50.     Defendant denies the allegations contained in Paragraph 50.

5      51.     Defendant denies the allegations contained in Paragraph 51.

6      52.     Defendant denies the allegations contained in Paragraph 52.

7      53.     Defendant lacks sufficient information or knowledge to form a belief as to

8  the truth or falsity of the allegations contained in the first sentence of Paragraph 53 and,

9  on that basis, denies these allegations.  Defendant denies any implication of

10  discriminatory action or wrongdoing on the part of Defendant contained in the first

11  sentence of Paragraph 53.   Defendant denies the allegations contained in the second

12  sentence of Paragraph 53.

13                          **<u>SECOND CLAIM</u>**

14      54.     Defendant realleges and incorporates by reference its response to each

15  allegation set forth above as through fully set forth herein.

16      55.     Defendant is informed and believes that Plaintiff is over the age of forty and

17  on that basis admits this allegation.  The remaining allegations of Paragraph 55 consist

18  solely of legal conclusions regarding the requirements of the Age Discrimination in

19  Employment Act, to which no response is required.

20      56.     Defendant denies the allegations contained in Paragraph 56.

21      57.     Defendant denies the allegations contained in Paragraph 57.

22      58.     Defendant denies the allegations contained in Paragraph 58.

23      59.     Defendant denies the allegations contained in Paragraph 59.

24      60.     Defendant denies the allegations contained in Paragraph 60.

25      61.     Defendant lacks sufficient information or knowledge to form a belief as to

26  the truth or falsity of the allegations contained in the first sentence of Paragraph 61 and,

27  on that basis, denies these allegations.  Defendant denies any implication of

28  discriminatory action or wrongdoing on the part of Defendant contained in the first

sentence of Paragraph 61.   Defendant denies the allegations contained in the second

sentence of Paragraph 61.

## THIRD CLAIM

62.     Defendant realleges and incorporates by reference its response to each

allegation set forth above as through fully set forth herein.

63.     Defendant denies the allegations contained in Paragraph 63.

64.     Defendant denies the allegations contained in Paragraph 64.

65.     Defendant denies the allegations contained in Paragraph 65.

66.     Defendant denies the allegations contained in Paragraph 66.

67.     Defendant denies the allegations contained in Paragraph 67.

68.     Defendant denies the allegations contained in Paragraph 68.

69.     Defendant lacks sufficient information or knowledge to form a belief as to

the truth or falsity of the allegations contained in the first sentence of Paragraph 69 and,

on that basis, denies these allegations.  Defendant denies any implication of

discriminatory action or wrongdoing on the part of Defendant contained in the first

sentence of Paragraph 69.   Defendant denies the allegations contained in the second

sentence of Paragraph 69.

## PRAYER FOR RELIEF

The remaining paragraphs beginning with "WHEREFORE" on page 11 of the First

Amended Complaint constitute a prayer for relief to which no response is required.  To

the extent any further response is required, Defendant denies that Plaintiffs are entitled to

the requested relief, or to any relief whatever.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

To the extent that Plaintiff allege or assert matters not contained in a legally

sufficient and timely administrative claim, such claims are barred by the exhaustion of

administrative remedies doctrine.  For example Plaintiff's claims based on conduct that occurred more than 45 days before she contacted an EEO counselor with the intent to initiate the EEO process on or about December 7, 2016 are barred.  In addition, claims that remain pending with the Merit Systems Protection Board ("MSPB") are barred by the exhaustion of administrative remedies doctrine.

### THIRD DEFENSE

To the extent that Plaintiff has failed to mitigate his damages, his recovery is limited accordingly.

### FOURTH DEFENSE

To that extent that Plaintiff demonstrates that a discriminatory motive played a part in the challenged action, which Defendant denies, Defendant asserts that the same actions would have been taken absent the discriminatory motive.

### FIFTH DEFENSE

Defendant exercised reasonable care to prevent and correct promptly any allegedly discriminatory, retaliatory, or harassing conduct.

### SIXTH DEFENSE

Defendant is entitled to a set-off against any award of damage to Plaintiff of any outstanding debt or obligation of Plaintiff to the U.S. Department of State or any federal agency, any worker's compensation, unemployment or disability benefits under the benefit plans of the U.S. Department of State or others, and any benefits from any federal agency or federally funded agency that Plaintiff received or has received for injuries or damages alleged in the First Amended Complaint.

### SEVENTH DEFENSE

Plaintiff's claims are barred by the doctrine of sovereign immunity to the extent that his claims are based on a denial of rights under the Family Medical Leave Act.

### EIGHTH DEFENSE

Plaintiff's claims are preempted by the Civil Service Reform Act to the extent that his claims are based on a denial of rights under the Family Medical Leave Act..

**NINTH DEFENSE**

Defendant has insufficient knowledge or information on which to form a belief as to whether Defendant has any additional, as yet unstated, defenses available.  Defendant reserves the right to assert each and every additional defense that may be supported by the evidence as it is revealed or developed through future discovery.

WHEREFORE, Defendant Robert L. Wilkie, Jr. prays for relief as follows:

1.     That plaintiff takes nothing by her First Amended Complaint;

2.     That the Court enter judgment in favor of the United States and against Plaintiff;

3.     That Defendant be awarded its costs of suit; and

4.     For such other and further relief as the Court may deem proper.

**<u>DEMAND FOR JURY TRIAL</u>**

Defendant hereby demands trial by jury.

DATED: January 6, 2020                          Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

_____*/s/ Pamela T. Johann*_____
PAMELA T. JOHANN
Assistant United States Attorney
Acting Under Authority Conferred by
28 U.S.C. § 515

Attorneys for Defendant ROBERT L. WILKIE, JR.